IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAHUM VEACH,<br><br>         Plaintiff,<br>v.<br><br>GENERAL R.V. CENTER, INC. dba GENERAL RV CENTER, BANK OF AMERICA, NA., AND BRETT A. MOORE,<br><br>         Defendants. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Case No. 2:19-cv-539<br><br>District Judge Jill N. Parrish |

This matter was removed from state court by defendant General R.V. Center on July 29, 2019. (ECF No. 2).

The Court must satisfy itself of its power to adjudicate in "every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). As the party invoking federal jurisdiction, General R.V. Center bears the burden of establishing that jurisdiction exists. *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). But as explained below, the allegations in General R.V. Center's notice of removal are plainly insufficient to establish either diversity or federal question jurisdiction.

As to diversity jurisdiction, General R.V. Center's notice of removal completely ignores the existence of an individual defendant, Brett A. Moore, who would appear to destroy diversity. Moreover, the notice of removal alleges only the residence of the individual plaintiff and defendant. But in the Tenth Circuit such allegations are insufficient to establish diversity jurisdiction. "An individual's residence is not equivalent to his domicile and it is domicile that is

relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)). Indeed, "an allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Whitelock*, 460 F.2d at 514 n.14.

Additionally, it does not appear that the notice of removal adequately establishes federal question jurisdiction in that the complaint appears to assert only state law causes of action. For the parties' benefit, the court briefly exposits some rudimentary principles of federal question jurisdiction below. General R.V. Center's response must establish how, under the following legal framework, plaintiff's complaint avails this court of federal question jurisdiction.

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, a plaintiff is master of his complaint, and "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Id.* at 809 n.6. "Nor can federal question jurisdiction depend solely on 'a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

In general, for purposes of § 1331,[1] a suit "aris[es] under" the law that creates the cause of action. *Merrell Dow Pharms., Inc.*, 478 U.S. at 808. Indeed, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.* "As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions . . . ." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

"The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). This slim path to federal court is available only when a state law claim contains "a federal issue [that] is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

"The narrow boundaries of the substantial question category are marked by a few important principles." *Becker*, 770 F.3d at 947. One principle is that the Supreme Court's recognition of this special and rare category of cases "does not 'disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* (quoting *Merrell Dow Pharms., Inc.*, 478 U.S. at 813). And, "[t]o determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." *Gilmore*, 694 F.3d at 1173. "Finally, if a claim does not present 'a nearly pure issue of law, one that could be

---

[1] The Supreme Court has interpreted § 1331 as conveying a more limited grant of federal-question jurisdiction than is permissible under Article III. *Merrell Dow Pharms., Inc.*, 478 U.S. at 807 ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." (citation omitted)).

settled once and for all and thereafter would govern numerous . . . cases,' but rather is 'fact-bound and situation-specific,' then federal question jurisdiction will generally be inappropriate." *Becker*, 770 F.3d at 947–48 (quoting *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700–01).

## I. ORDER

General R.V. Center is hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction. General R.V. Center's response to this order must be filed no later than August 30, 2019. Failure to respond will result in remand of the case.

Signed August 9, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge