Jon H. Rogers #6434
Attorney for Plaintiff
825 North 300 West, Suite N144
Northgate Park Business Center
Salt Lake City, Utah 84103
Telephone:     801-532-6272
Telefacsimile: 801-532-4192
E-Mail:  RogersConsumerLaw@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| NAHUM VEACH, | : | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER** |
| Plaintiff, | : | |
| vs. | : | |
| GENERAL R.V. CENTER, INC. dba GENERAL RV CENTER; BANK OF AMERICA, N.A.; and BRETT A. MOORE, | : | Case No. 2:19-cv-00539-JNP-EJF<br>Judge: Jill N. Parrish<br>Magistrate Judge: Evelyn J. Furse |
| Defendants. | : | |

Plaintiff hereby files the present Memorandum in Opposition to Defendants' "F.R.C.P.

12(b)(6) Motion to Dismiss or Transfer" (ECF No. 6).

**TABLE OF CONTENTS**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Relief Requested and Supporting Grounds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

Objections to the Motion, Certain Exhibits, and to Certain Alleged Facts. . . . . . . . . . . . . . . . . . 3

Statement of Additional, Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-9

M<span></span>EMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-14

    I.  Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.  Subject Matter Jurisdiction Is Essential to Retention . . . . . . . . . . . . . . . . . . . . . 10-13

    III.  Venue Transfer Considerations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-19

    I.  There Is No Diversity Jurisdiction in this Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    II.  There Is No Federal Question Jurisdiction in this Action . . . . . . . . . . . . . . . . . . 14-15

    III.  If Jurisdiction Is Found, Utah Is the Correct Venue. . . . . . . . . . . . . . . . . . . . . . 16-19

    IV.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**RELIEF REQUESTED AND SUPPORTING GROUNDS**

Plaintiff requests that Defendants' Motion to Dismiss or Transfer (ECF No. 6) be denied and that this matter be Remanded to the Third Judicial District Court, State of Utah for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This court lacks diversity jurisdiction under 28 U.S.C. § 1332 where the face of Plaintiff's Complaint shows that complete diversity does not exist among all of the Defendants where Defendant Brett A. Moore is alleged to be a Utah resident and licensed salesperson working for Defendant General RV at its Utah location. *See* ¶ 4, VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

This court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331 where Plaintiff has pleaded for causes of action State Law claims and these State Law claims are not substantial questions of federal law, thereby not conferring federal question jurisdiction.

Finally, in the event that the court disagrees with Plaintiff and finds subject matter jurisdiction in this action, this matter should not be dismissed and this court should not Transfer the matter as this court is the most convenient federal district forum to hear this case and fairness dictates that this matter be heard in Utah where all the parties have a presence and where the transaction at issue took place rather that transferred to Michigan where not all the parties have a presence and where the transaction at issue did not take place.

## OBJECTIONS TO THE MOTION, CERTAIN EXHIBITS, AND TO CERTAIN ALLEGED FACTS

Plaintiff objects to the consideration of Defendant's Exhibits Numbered 2, 3, and 4 (part of ECF No. 6-1) in connection with the present Motion as they were not part of Plaintiff's original filings and were not part of the Notice of Removal (ECF No. 2) or part of any Answer filed by any of the Defendants. Plaintiff also objects to the various alleged assertions of "Fact" by Defendants which address "As Is" language as these alleged "facts" are irrelevant to the relief requested in Defendants' Motion and are only related to the underlying claims in the Complaint.

## STATEMENT OF ADDITIONAL, RELEVANT FACTS

1. ¶ 1, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1), states and alleges:

> "Jurisdiction is appropriate before this Court pursuant to Utah Code § 78A-5-102 and Venue is appropriate before this Court pursuant to Utah Code § 78B-3-304 and/or Utah Code § 78B-3-307. Jurisdiction and Venue before the courts of the State of Michigan, as provided for in the 'Purchase Agreement,' as referenced hereafter are not appropriate under the laws of the State of Michigan, as set forth in Michigan Compiled Laws (MCL) § 600.701, MCL § 600.705, and MCL § 600.745, where Defendant General R.V. Center, Inc., and its salesperson Defendant Brett A, Moore sold the motor home to Plaintiff in Utah (where Plaintiff resides) from its Utah dealership location for personal or family purposes only, where Defendant Bank of America, N.A., does business in Utah, where

Plaintiff does not own property in the State of Michigan, where Plaintiff does not transact business in the State of Michigan, where the 'Purchase Agreement' provides the only basis for the exercise of jurisdiction by the courts of the State of Michigan, and where the State of Michigan is not a reasonably convenient place for the lawsuit."

2. Michigan Compiled Laws (MCL) § 600.701, as in effect at all times pertinent to this action, states:

"**600.701 General personal jurisdiction over individuals.**

Sec. 701. The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
(1) Presence in the state at the time when process is served.
(2) Domicile in the state at the time when process is served.
(3) *Consent, to the extent authorized by the consent and subject to the limitations provided in section 745."*

[Italicized Emphasis Added]

3. MCL § 600.705, as in effect at all times pertinent to this action, states:

"**600.705 Limited personal jurisdiction over individuals.**

Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
(1) The transaction of any business within the state.
(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
(3) The ownership, use, or possession of real or tangible personal property situated within the state.
(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
(5) Entering into a contract for services to be rendered or for materials to

be furnished in the state by the defendant.
	(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
	(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

4.	MCL § 600.701, as in effect at all times pertinent to this action, states:

**"600.745 "State" defined; agreement of parties as basis for jurisdiction; conditions.**

	Sec. 745. (1) As used in this section, "state" means any foreign nation, and any state, district, commonwealth, territory, or insular possession of the United States.
(2) *If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:*
	(a) The court has power under the law of this state to entertain the action.
	(b) *This state is a reasonably convenient place for the trial of the action.*
	(c) The agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
	(d) The defendant is served with process as provided by court rules.
	(3) If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:
	(a) The court is required by statute to entertain the action.
	(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.
	(c) The other state would be a substantially less convenient place for the trial of the action than this state.
	(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
	(e) It would for some other reason be unfair or unreasonable to enforce the agreement."
					[Italicized Emphasis Added]

5. Defendant General R.V. Center, Inc., dba General RV Center (hereinafter also "Defendant General RV"), is a Michigan Corporation engaged, inter alia, in the business of selling new and used motor vehicles. A principal place of business for Defendant General RV is located at 14295 Minuteman Drive, Draper, UT 84020, and Defendant General RV, at all times pertinent to this action, was a new motor vehicle dealer in Utah with a business license number of 7926. *See* ¶ 3, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1), and ¶ 7, Defendants' "NOTICE OF REMOVAL" (ECF No. 2).

6. Defendant Brett A. Moore, whose full name is believed to be Brett Anthony Moore, is a Utah resident and licensed salesperson for Defendant General RV who worked from the Defendant General RV location at 14295 Minuteman Drive, Draper, UT 84020 at all times pertinent to this action. Defendant Brett A. Moore's Utah salesperson license number is 81555. *See* ¶ 4, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

7. Defendant Bank of America, N.A. is a National Bank based in Charlotte, North Carolina, which operates one or more Utah branches including a branch in Salt Lake County located at 1222 E Draper Parkway, Draper, UT 84020, where Defendant General RV is headquartered and where Plaintiff resides, and which is believed to have taken assignment for value of an Installment Contract relating to Plaintiff, Defendant General RV, and to the motor home vehicle at issue. *See* (ECF 5, ¶ 5, Plaintiff's VERIFIED COMPLAINT).

8. In July of 2017, Plaintiff visited the dealership of Defendant General RV, located at 14295 Minuteman Drive, Draper, UT 84020. *See* ¶ 13, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

9. A representative of Defendant General RV, believed to be Defendant Brett A. Moore approached Plaintiff and asked if he could help Plaintiff find a vehicle. *See* ¶ 14, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

10. At all times pertinent to Plaintiff's Complaint and dealings with Plaintiff, Defendant Brett A. Moore was a licensed, Utah motor vehicle salesperson for Defendant General RV and its authorized agent in dealing with Plaintiff (where Defendant Brett A. Moore dealt with Plaintiff) and that Defendant General RV is bound by the representations and actions of Defendant Brett A. Moore. *See* ¶ 15, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

11. Plaintiff explained to Defendant General RV and Defendant Brett A. Moore that Plaintiff was looking for a motorhome motor vehicle which would hold eight, average sized adults and tow a 3500 pound boat with the Subject Vehicle's water and gas tanks filled but that Plaintiff was not certain which, if any, of the motorhomes that Defendant General RV had on its dealer lot would meet these criteria and would need to rely upon the expertise of Defendant General RV and Defendant Brett A. Moore. *See* ¶ 16, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

12. In response to Plaintiff's criteria, as set forth in the preceding paragraph, Plaintiff was shown a Fleetwood 2017 Storm Model 36F, believed to be V.I.N.# 1F66F5DY9H0A11003 (hereinafter referred to as the "Subject Vehicle"), by Defendant Brett A. Moore and Defendant General RV, which Subject Vehicle had approximately 1,600 miles showing on the odometer and which Defendant Brett A. Moore and Defendant General RV would meet all of Plaintiff s stated criteria. *See* ¶ 17, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

13. In reliance upon the representations by Defendant Brett A. Moore and Defendant General RV, as set forth in the preceding paragraph. Plaintiff signed a "Purchase Agreement" with Defendant General RV pertaining to the Subject Vehicle and is also believed to have signed a financing agreement with Defendant General RV pertaining to the Subject Vehicle on that same day in July of 2017, and Plaintiff would not have purchased the Subject Vehicle from Defendant General RV but for Defendant General RV's representations to Plaintiff about the Subject Vehicle, as previously set forth. *See* ¶ 17, Plaintiff's VERIFIED COMPLAINT and "Exhibit A" thereto (ECF No. 2-2 and 5-1).

14. Plaintiff's intended primary purpose for the Subject Vehicle was for personal, family, and household purpose and was strictly intended as a consumer purchase, rather than a non-consumer purchase. *See* ¶ 20, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

15. Plaintiff in his VERIFIED COMPLAINT has asserted that the pre-sale representations by Defendant Brett A. Moore and Defendant General RV to him were false. *See* ¶¶ 24-29, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

16. Plaintiff in his VERIFIED COMPLAINT has asserted liability on the part of Defendants for Breach of Warranty under either Utah or Michigan State UCC law, Rejection under either Utah or Michigan State UCC law, Revocation of Acceptance under either Utah or Michigan State UCC law, Liability under the FTC Holder Rule language made part of the Retail Installment Contract and Security Agreement relating to the Subject Vehicle and to Plaintiff, Violation of the Utah Consumer Sales Practices Act, and, alternatively, Violation of the Michigan Consumer Protection Act. *See* ¶¶ 43-94, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-

2 and 5-1).

17.     Each Cause of Action/Claim for Relief in Plaintiff's VERIFIED COMPLAINT was a State Cause of Action (whether under Utah or Michigan law) or at least primarily so.

18.     15 U.S.C.A. § 2310(d)(1)(A) of the federal Magnusson-Moss Warranty Act specifically provides that claims for specified relief under that Act may be brought "in any court of competent jurisdiction in any State."

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-moving party (here, the plaintiff). E.g., *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Although factual allegations "must be enough to raise a right to relief above the speculative level," the factual allegations must be accepted as true "even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A "well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" *Id.* (quoting *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 508 n.1 (2002)).

## II. SUBJECT MATTER JURISDICTION IS ESSENTIAL TO RETENTION

With regard to jurisdiction, "[federal] [d]istrict courts have limited subject matter jurisdiction and may [only] hear cases when empowered to do so by the Constitution and by act of Congress." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation marks omitted). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). "A case originally filed in state court may be removed to [this] court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted); *See also* 28 U.S.C. § 1441(a). "Federal removal jurisdiction is statutory in nature and is to be strictly construed." *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997). "Doubtful cases must be resolved in favor of remand." *Id.* Finally, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Consequently, federal courts must independently determine whether subject matter jurisdiction exists with or without prompting from a party. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Generally, there are two types of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction occurs where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. "The underlying purpose of diversity of citizenship

[jurisdiction] . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts." S. Rep. No. 85-1830 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 3099, 3102. "The forum defendant rule . . . recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated." *Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp.2d 1263, 1266 (D.N.M. 2013) (quoting *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013).

Federal question jurisdiction, however, authorizes federal courts to decide "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appear on the complaint's face, be a substantial component of the plaintiff's claim, and be of significant federal interest. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1232 (10th Cir. 2003). Stated another way, a complaint must establish that either a federal law creates the underlying cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. This is often referred to as the "well-pleaded complaint rule." *Id*.

In general, for purposes of § 1331 a suit "aris[es] under" the law that creates the cause of action. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Supreme Court has interpreted § 1331 as conveying a more limited grant of federal-question jurisdiction than is permissible under Article III. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 807 ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is

'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." (citation omitted)).

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id*. "As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions . . . ." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This variety of federal jurisdiction is referred to as "arising under" jurisdiction. *Id*. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*. "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)). This slim path to federal court is available only when a state law claim contains "a federal issue [that] is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "The narrow boundaries of the substantial question category are marked by a few important principles." *Becker*, 770 F.3d at 947. One principle is that the Supreme Court's recognition of this special and rare category of cases "does not 'disturb the long-settled understanding that the mere

presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* (quoting *Merrell Dow Pharms., Inc.*, 478 U.S. at 813).

### III. VENUE TRANSFER CONSIDERATIONS

Under 28 U.S.C. § 1404, the court has discretion to change venue *"for the convenience of parties and witnesses*, [and] *in the interests of justice.*" 28 U.S.C. § 1404 (a). Indeed, district courts have broad discretion in determining whether to grant motions to transfer venue. *Chrysler Credit Corp v. Country Crysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The party moving for transfer of venue bears the burden of demonstrating that the existing forum is inconvenient. *Id*. Furthermore, the moving party must provide evidence showing the inconvenience; mere allegations are not sufficient to meet the moving party's burden of proof. *Briesh v. Automobile Club of Southern Cal.*, 40 F. Supp.2d 1318, *1322 (D. Utah 1999) (citing *Rivendell Forest Prods. Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 993 (10th Cir. 1993), a forum non conveniens case). "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citation and internal brackets omitted).

The Tenth Circuit has recognized a number of factors that are relevant to an "'individualized, case by case consideration of convenience and fairness.'" *Chrysler Credit Corp*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Among these factors are

> the plaintiffs choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the

-13-

enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Id*. (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

**ARGUMENT**

**I. THERE IS NO DIVERSITY JURISDICTION IN THIS ACTION.**

As this Court noted on Page One of its August 9, 2019, "ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT" (ECF No. 11), it is unchallenged by any of the Defendants that Defendant Brett A. Moore, an individual, is a resident and citizen of the State of Utah. *See* ¶¶ 1, 6, and 9-13 to Plaintiff's "STATEMENT OF ADDITIONAL, RELEVANT FACTS (hereafter identified as "SoARF")" (*supra*) to this Memorandum. This lone, Utah Defendant is enough to destroy diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**II. THERE IS NO FEDERAL QUESTION JURISDICTION IN THIS ACTION.**

Plaintiff's VERIFIED COMPLAINT has asserted liability on the part of Defendants for Breach of Warranty under either Utah or Michigan State UCC law, Rejection under either Utah or Michigan State UCC law, Revocation of Acceptance under either Utah or Michigan State UCC law, Liability under the FTC Holder Rule language made part of the Retail Installment Contract and Security Agreement relating to the Subject Vehicle and to Plaintiff, Violation of the Utah Consumer Sales Practices Act, and, alternatively, Violation of the Michigan Consumer Protection Act. *See* ¶ 16, SoARF. *See also* ¶¶ 43-94, Plaintiff's VERIFIED COMPLAINT (ECF No. 2-2 and 5-1).

Defendants have attempted to remove the action to this court because Plaintiff's first cause of action against Defendants alleging Breach of Warranty under either Utah or Michigan State UCC law also requests that the court award, as part of the cause of action and in addition to the specified State relief requested, relief allowed pursuant to 15 U.S.C.A § 2310(d)(1) – part of the federal Magnusson-Moss Warranty Act. It is unquestioned that Plaintiff's other four (4) causes of action are purely based upon state law – whether that of the State of Utah or that of the State of Michigan. Furthermore, the federal Magnusson-Moss Warranty Act itself specifically provides that claims under that Act may be brought "in any court of competent jurisdiction in any State . . ." *See* 15 U.S.C.A § 2310(d)(1)(a).

This court appeared to recognize that Plaintiff's claims are state law based (or primarily so) in its August 9, 2019, "ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT" (ECF No. 11). The "substantial question" path of federal jurisdiction is recognized to be exceedingly narrow. This is not one of the rare exceptions which "implicate significant federal issues." *Grable & Sons Metal Prod.,Inc.* 545 U.S. at 312. Plaintiff's state law Breach of Warranty claims only implicate the federal Magnusson-Moss Warranty Act to supplement the relief requested and this limited, supplementary relief does not predominate over the state law claims nor does it raise substantial or unsettled questions of federal law. This court is well within its authority to remand this matter with its predominating state law claims to its state court of origin. "[T]he mere presence of a federal issue in a state law cause of action does not automatically confer federal-question jurisdiction. *Merrell Dow Pharms., Inc.*, 478 U.S. at 813.

### III.  IF JURISDICTION IS FOUND, UTAH IS THE CORRECT VENUE.

As stated previously, Defendants, as the moving parties, bear the burden of demonstrating that the existing forum is inconvenient and <u>showing actual evidence of the inconvenience</u>. Defendants' argument for dismissal or transfer of this action is based upon preprinted language of the contract with Plaintiff.  The particular language is located in provision number two on the second page (back side) of the contract.  This language states:

> "**2.  <u>APPLICABLE LAW, CHOICE OF LAW, FORUM SELECTION – MICHIGAN, TIME LIMITATION FOR FILING</u>**
>
> Each portion of this Agreement shall be interpreted in such a way as to be effective and valid under applicable law. If any provision is invalidated for any reason the remainder of this Agreement shall remain in full force and effect. Should any dispute arise out of or relate to this Agreement, the RV sold pursuant to this Agreement and/or service work on the RV those disputes shall be governed by the substantive laws of the state of Michigan without regard to conflict of law rules. This means that if Purchaser files a claim against Dealer regarding anything with the RV Michigan law will control that claim. In addition Purchaser agrees that the exclusive jurisdiction for deciding any dispute shall be in Oakland County, Michigan, and purchaser will file any claim in Oakland County Michigan. In addition any claim must be filed within two (2) years of the purchase date or it will be barred because of the passing of time (statute of limitations)"

"EXHIBIT A" to VERIFIED COMPLAINT (Doc 2-2); "EXHIBIT 1" to Defendants' Motion (Doc 6-2). Defendants attempt to bolster their assertion that Plaintiff improperly filed the action in Utah against the express terms of the contract by asserting that Utah courts regularly enforce forum selection clauses and by supplying several unpublished, district court decisions from around the country involving Defendant General RV cases, which cases were either dismissed actions or transferred to Michigan.  Defendants even seem to claim (or at least imply) that Plaintiff acted inappropriately in filing the case in Utah rather than Michigan.

The problem with Defendants' assertions that the matter should be heard in Michigan is that the State of Michigan declined jurisdiction in cases such as that of Plaintiff (where the only grounds for Michigan jurisdiction is the language of the contract itself). *See* Michigan Compiled Laws (MCL) §§ 600.701 and 600.745 (¶¶ 2 and 4, SoARF, *supra*). Since the agreement states that it applies <u>all</u> substantive laws of the State of Michigan, these laws also include the jurisdictional laws limiting jurisdiction in Michigan. MCL§ 600.745(2) specifically states:

> "(2) If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if <u>all</u> the following occur:"
> [Underlined Emphasis Added]

That provision then proceeds to list four (4) lettered subsections which include:

> "(b) This state is a reasonably convenient place for the trial of the action."

MCL§ 600.745(2)(b). The <u>ONLY</u> basis for Michigan jurisdiction over Plaintiff is based upon the identified contract. All of the Defendants have a Utah presence under which Utah courts may exercise personal jurisdiction. Plaintiff only did business with Defendant General RV at its Utah dealer location in Draper and that is where he dealt with Defendant Brett A. Moore. *See* ¶¶ 5-6, SoARF, *supra*. Furthermore, Defendant Bank of America, N.A., operates a branch in Salt Lake County located in Draper and took assignment of an installment contract involving Plaintiff and Defendant General RV from Defendant General RV in Draper. *See* ¶ 7, SoARF, *supra*. Plaintiff makes it clear that he is not otherwise subject to the personal jurisdiction of the State of Michigan by declaring (in pertinent part) in ¶ 1 of his VERIFIED COMPLAINT (Doc 2-2), that,

> "Plaintiff does not own property in the State of Michigan, where Plaintiff does not transact business in the State of Michigan, where the 'Purchase Agreement'

provides the only basis for the exercise of jurisdiction by the courts of the State of Michigan, and where the State of Michigan is not a reasonably convenient place for the lawsuit."

¶ 1, VERIFIED COMPLAINT (Doc 2-2).  *See also* ¶ 1, SoARF, *supra*.

If jurisdiction is not appropriate in Michigan pursuant to Michigan State law, then Plaintiff properly brought the action before the Utah State court system in the county where the transaction took place.  Plaintiff is entitled to a remedy of seeking judicial assistance.  Where the Michigan State courts do NOT have jurisdiction, suit in Utah was appropriate despite the contractual provisions.  Contrary to Defendant's assertions (or implications), Plaintiff researched this issue before filing in Utah.  ¶ 1, of Plaintiff's VERIFIED COMPLAINT in its entirety states:

> "Jurisdiction is appropriate before this Court pursuant to Utah Code § 78A-5-102 and Venue is appropriate before this Court pursuant to Utah Code § 78B-3-304 and/or Utah Code § 78B-3-307.  Jurisdiction and Venue before the courts of the State of Michigan, as provided for in the 'Purchase Agreement,' as referenced hereafter are not appropriate under the laws of the State of Michigan, as set forth in Michigan Compiled Laws (MCL) § 600.701, MCL § 600.705, and MCL § 600.745, where Defendant General R.V. Center, Inc., and its salesperson Defendant Brett A, Moore sold the motor home to Plaintiff in Utah (where Plaintiff resides) from its Utah dealership location for personal or family purposes only, where Defendant Bank of America, N.A., does business in Utah, where Plaintiff does not own property in the State of Michigan, where Plaintiff does not transact business in the State of Michigan, where the 'Purchase Agreement' provides the only basis for the exercise of jurisdiction by the courts of the State of Michigan, and where the State of Michigan is not a reasonably convenient place for the lawsuit."

¶ 1, VERIFIED COMPLAINT (Doc 2-2).  *See also* ¶ 1-4, SoARF, *supra*.

Considerations of fairness and convenience considered by the Tenth Circuit also favor denying any Motion to Dismiss or Transfer this action.  As previously identified, these factors include:

"the plaintiffs choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious, and economical."

*Chrysler Credit Corp*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Clearly, all or a majority of these factors favor retention of the action by this court as opposed to a transfer to a federal court in Michigan (if such a court could even hear the matter where there is no jurisdiction pursuant to Michigan substantive law). Plaintiff chose Utah as the forum. All or nearly all of the parties and witnesses are in Utah. Utah court's would have the ability to compel attendance of witnesses where Michigan probably would not. Cost considerations clearly favor Utah, as does the ability to enforce any judgment obtained. Basically, any trial conducted in Utah will be easier, more expeditious, and more economical.

## IV. CONCLUSION

Plaintiff hereby requests that this court remand this action to the Third Judicial District Court, Salt Lake Department, State of Utah, where it originated. In the alternative, Plaintiff requests that Defendants' "F.R.C.P. 12(b)(6) Motion to Dismiss or Transfer" be denied in its entirety and this court retain this matter as the proper, federal venue when considerations of fairness and convenience are taken into account and where Defendants' bear the burden of proof.

DATED: September 3, 2019.

                                          /s/ Jon H. Rogers
                                          JON H. ROGERS
                                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I caused a true and correct copy of the Plaintiff's "MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER" to be served on the following persons in the manner indicated below at the following addresses:

Ryan P. Atkinson, #10673
Strong & Hanni, P.C.
102 South 200 East, Suite 800
Salt Lake City, UT 84111

*Counsel for Defendants*

    ☐ by **E-mail**
    ☒ by **CM/ECF**
    ☐ by **Facsimile Transmission**
    ☐ by **First ClassMail**
    ☐ by **Hand Delivery**

                                    /s/   Jon H. Rogers
                                    *Attorney for Plaintiff*